**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

| | |
|---|---|
| **PENNY WOOD-ROSE,** | ) CIVIL ACTION NO. 3:26cv00244-CEA-JEM |
| | ) |
| Plaintiff, | ) |
| | ) Judge Charles E. Atchley, Jr |
| v. | ) |
| | ) |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) Magistrate Jill E. McCook |
| | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff Penny Wood-Rose, and states as follows:

## JURISDICTION AND VENUE

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits that it issued Group Disability Income Policy No. 000010141979 (the "Policy") to Ridgeview Psychiatric Hospital & Center ("Ridgeview"), which, at certain times, insured the long-term disability benefits from the Ridgeview Psychiatric Hospital & Center Group Long-Term Disability Plan (the "LTD Plan") sponsored by Ridgeview, and that, at

certain times, Lincoln was the claims administrator for claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff's claims are governed by ERISA and that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy that was assigned claim number 1190058812. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

## RELEVANT PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff was, at certain times, employed by Ridgeview and that Plaintiff's last day of work at Ridgeview was April 18, 2019. To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.


Case 3:26-cv-00244-CEA-JEM Document 7 Filed 06/24/26 Page 2 of 9 PageID #: 26

6. Lincoln admits that, at certain times, Ridgeview sponsored and was the Plan Administrator of the LTD Plan. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it issued the Policy to Ridgeview, which, at certain times, insured benefits from the LTD Plan sponsored by Ridgeview. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln further admits that it issued the Policy to Ridgeview. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA and is governed by ERISA. Lincoln admits that Plaintiff was, at certain times, an employee of Ridgeview and that Ridgeview sponsored the LTD Plan to provide long-term disability benefits to certain of its employees, of which Plaintiff was, at certain times, a

participant. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. Lincoln incorporates its responses contained in Paragraphs 1 through 12 as if fully stated herein.

14. Lincoln admits that documentation concerning Plaintiff's age and date of birth is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff was, at certain times, employed by Ridgeview as a Substance Abuse Counselor. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD

Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff's last day of work at Ridgeview was April 18, 2019. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Ridgeview Psychiatric Hospital & Center Group Short-Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that it sent a letter dated April 25, 2025, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that Plaintiff submitted first and second level appeals of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits that it sent a letter dated February 27, 2026, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits the allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that the Policy includes language pertaining to the definitions of "Totally Disabled" or "Total Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the documents governing the Policy as the best evidence of their contents. To the extent that the allegations contained in Paragraph 24 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

## CAUSES OF ACTION

### COUNT I -- ERISA/Statutory Claims

30. Lincoln incorporates its responses contained in Paragraphs 1 through 29 as if fully stated herein.

31. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary

and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)' behalf.

4. To the extent that Plaintiff seeks equitable relief under 29 U.S.C. § 1132(a)(3) from Lincoln, such claims are barred by the availability of a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 24th day of June 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of June 2026, a true and correct copy of the foregoing pleading was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

K. Cody Allison, Esq.
cody@codyallison.com

Samuel D. Payne
sam@codyallison.com

Richard A. House
richard@codyallison.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers